UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONNIE RAY ISRAEL,

    Petitioner,

v.                                        Case No. 3:15-cv-1505-J-32PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

### I. Status

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition) on December 18, 2015, and exhibits (Docs. 1-1 to 1-4 and 3).[1] He then filed an Amended Petition (Doc. 8) on August 22, 2016. He challenges a 1994 state court (Putnam County, Florida) judgment of conviction for burglary of a dwelling with battery, kidnapping, two counts of sexual battery, and robbery. He was sentenced to life imprisonment. Respondents contend that the case must be dismissed with prejudice because the Petition was untimely filed. See Response to Petition/Motion to Dismiss (Doc. 13); Supplemental Memorandum (Doc. 21); Second Supplemental Memorandum (Doc. 32). Petitioner filed a Reply (Doc. 14), Supplemental Reply (Doc. 28),

---

[1] Petitioner did not date the Petition and it is not date-stamped by the prison. The Court applies the mailbox rule to Petitioner's pro se filings, and for the Petition, the Court uses the post-marked date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

and Responses to the State's Supplemental Memorandum (Docs. 33, 35[2]). The case is ripe for review.[3]

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Doc. 35 is a typed version of Doc. 33.

[3] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Petitioner's conviction became final at the latest on December 19, 1994 (30 days after the Fifth District Court of Appeal denied his motion for rehearing on direct appeal).[4] Because Petitioner's conviction was final prior to the enactment of AEDPA, he had one year from April 24, 1996 to file a federal habeas petition. See Wood v. Milyard, 566 U.S. 463, 468 (2012) ("For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."). Between the effective date of AEDPA and the expiration of the one-year limitations period, the only motion Petitioner filed was a "Motion for Rehearing and Clarification" on December 19, 1996. See Doc. 32-1 at 40-57. However, as Respondents point out, Doc. 32 at 3-7, Petitioner wrote three case numbers on the "Motion for Rehearing and Clarification," and thus the state court clerk filed the motion in three separate cases.[5] The motion did not seek judicial

---

[4] The thirtieth day fell on a Sunday, so the Court uses the following day. The Fifth District Court of Appeal issued a written opinion affirming Petitioner's judgment of conviction on October 14, 1994, and denied rehearing on November 18, 1994. Petitioner did not seek discretionary review in the Florida Supreme Court, and thus, his judgment became final when the time for seeking discretionary review in Florida's Supreme Court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).

[5] The state court case challenged in the instant Petition was listed last.

3

reexamination of the judgment or a claim with respect to the conviction challenged in this case. See generally Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1142 (11th Cir. 2015) (finding that petition for belated appeal of order dismissing motion for post-conviction relief is not a tolling application because it "never triggered a reexamination of his conviction or sentence"); Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1337-38 (11th Cir. 2008) (finding that a post-conviction motion for DNA testing was not a tolling application). Rather, it asserts a conspiracy theory that Petitioner has repeatedly raised in state court and in this Court.[6] It does not cite to any post-conviction rules or reference a prior order in the pertinent case of which Petitioner sought rehearing or clarification.[7] It is unclear what relief Petitioner sought in that motion. Indeed, the final substantive paragraph discusses how his blood was taken and he was allegedly framed for the murder of Ester Hagans (a separate criminal case

---

[6] In the "Motion for Rehearing and Clarification," Petitioner states, in part, how the evidence used against him was fraudulent and how everyone involved in the criminal case challenged in this Petition "jeopardized [his] right to a fair trial, [and] took part in performing hate crimes, foul play, double-crossing the Defendant, constantly changing these case numbers, perjury, conspiracy and trying to keep quiet about this contamination, mixing blood sample of Viola Britt that was taken on November 2, 1992 with the Defendant['s] blood that was taken on May 3, 1993, using the same identical results taken and planted during this Viola Britt case, then charge me with this unsolved murder of Ester Hagan[s]." Doc. 32-1 at 46 (capitalization omitted). He claims that he brought this to the attention of his attorney, who was representing him in the separate criminal case in which he was accused of the murder of Ester Hagans, but the attorney would not act on this information, because the attorney "has his prior orders from the State to keep a lid on this D.N.A. contamination, mixing blood samples, planting blood on a pillowcase and a slip, switching the physical evidence report, moving the date up from May 3, 1993 to January 13, 1992 in which all physical evidence backfired against the county and the State." Id. at 47.

[7] More than one year before Petitioner filed this motion, on August 9, 1995, the state court summarily denied his motion for post-conviction relief. See Doc. 32-1 at 34-35.

4

not subject of this Petition).[8] Therefore, despite the state court apparently never taking any action on the motion, the motion does not toll the federal one-year limitations period, as it was not "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

Additionally, while Petitioner filed motions after the expiration of the one-year limitations period, such filings did not toll the limitations period because the period had already expired.[9] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). The December 18, 2015 Petition is untimely by more than 18 years.

It is well-settled that "[w]hen a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S. Ct. 830 (2017). "[E]quitable tolling is an extraordinary

---

[8] Petitioner referenced the motion in a letter written to the judge presiding over the criminal case in which he was charged with the murder of Ester Hagans. Doc. 32-1 at 272.

[9] A description of Petitioner's filings can be found in Respondents' filings. See Doc. 13 at 2, 4; Doc. 21 at 4; Doc. 32 at 2-3.

remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009), cert. denied, 138 S. Ct. 1042 (2018). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner has not shown that he was diligently pursuing his rights, nor has he shown some extraordinary circumstance stood in his way during the relevant time period. He is not entitled to equitable tolling.

Likewise, Petitioner has failed to show actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence."

6

Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt"). Petitioner has not offered any new evidence to sustain an assertion of actual innocence. His assertions of fraud regarding DNA evidence are insufficient.

In sum, the Petition is untimely and Petitioner has failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Accordingly, it is

**ORDERED**:

1. Petitioner's Motion for Appointment of Second Counsel (Doc. 34) is **DENIED**.[10]

2. The case is **DISMISSED with prejudice** as untimely.

3. The Clerk shall enter judgment dismissing the case with prejudice, terminate any pending motions, and close the file.

4. If Petitioner appeals the dismissal of this case, the Court denies a certificate of appealability.[11] Because this Court has determined that a certificate of appealability is not

---

[10] To the extent that Petitioner's complaints about the undersigned and other federal judges who have handled his cases (Doc. 35) could be construed as a motion to disqualify the undersigned, the motion is denied as legally insufficient.

[11] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 9/25
c:
Connie Ray Israel, #065135
Counsel of Record

---

district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.